Formatted for Electronic Distribution                                                                                              For Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

Filed & Entered
On Docket
November 8, 2017

_____

In re:
    Frank Miller Hewitt,                                                                    Chapter 7
           Debtor.                                                                                      Case # 16-11240
_____

| Appearances: | Rebecca Rice, Esq. | Antonin Robbason, Esq. |
|---|---|---|
| | Cohen & Rice | Ryan Smith & Carbine |
| | Rutland, Vermont | Rutland, Vermont |
| | For the Debtors | For Geico Indemnity Company |

**MEMORANDUM OF DECISION**
**SUSTAINING OBJECTION AND DENYING MOTION TO AVOID LIEN**

       The Debtor filed a motion to strip the lien of Geico Indemnity Company ("Geico"), asserting that Geico's lien impairs the Debtor's homestead exemption. Geico objected, contending the Debtor has not met his *prima facie* burden of proof and, in any event, may not strip Geico's lien because the Debtor did not own the real property in question when Geico's lien attached to it. While the Debtor admits he did not hold legal title to the property at the time Geico's lien attached, he argues he had a sufficient interest in the property at that time to protect it as his homestead, because he resided in it and was the sole owner of the entity that held title to the property. In addition to raising a federal law question with respect to the sufficiency of the Debtor's allegations to avoid the lien, this contested matter presents a case of first impression as to whether, under Vermont law, a debtor can claim a homestead exemption in property owned by a limited liability company in which he is the sole member.

       For the reasons set forth below, the Court holds the Debtor has not met his burden of proof under the Bankruptcy Code either with regard to the value of his property or as to the validity and value of the liens against the property. The Court also rules that Vermont law does not recognize an LLC member's claim to equitable title, or to a homestead exemption, in property held in the name of the LLC. Based on these determinations, the Court sustains Geico's objection and denies the Debtor's motion to strip Geico's lien.

1

## JURISDICTION

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Order of Reference entered in this District on June 22, 2012. The Court declares the claims presented by this motion and objection are core matters under 28 U.S.C. §§ 157(b)(2)(B) and (K), over which this Court has constitutional authority to enter a final judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The Debtor has assigned contrasting values to the 55 acres of land and camper located at 314 Hewitt Hill Road, South Royalton, Vermont (the "Property"), over the course of the two chapter 13 cases he has filed for relief under the Bankruptcy Code.[1] At some stages of the proceedings, he claimed the fair market value of the Property was $300,000,[2] while at other points he asserted its value was $260,000.[3] In two separate agreements to sell or transfer segmented parcels of the Property, the Debtor alternately cited per acre prices that would suggest a value for the entirety of the Property of $366,667[4] or $605,000.[5] At the hearing held on July 28, 2017, to address the instant motion to avoid Geico's lien (doc. #63, the "Motion"), the Debtor's attorney pointed out that the town assessed the Property for $108,000, and stated the Property could be worth anywhere from $250,000 to $300,000, depending on whether a prospective buyer obtained an Act 250 subdivision permit (doc. #67). The Debtor's attorney also opined the Property would likely sell for $200,000 if sold at auction (doc. #67). Neither the Debtor nor his attorney cited an appraisal to support any of the foregoing estimates of the Property's value.

The title to the Property has also shifted several times. On September 13, 2006, the Debtor and Marilyn L. Tobin acquired the Property, in their individual names. About four months later, on January 10, 2007, Ms. Tobin and the Debtor conveyed the Property to Wild Apple Estates, LLC ("Wild Apple Estates" or "the LLC"), an LLC of which Mr. Hewitt was an organizer, registered agent, and member (doc. #68). Eight years after that, on March 31, 2015, Wild Apple Estates recorded a deed transferring the Property to the Debtor (doc. #68). Mr. Hewitt, in his individual capacity, remained the sole owner of the Property on May 31, 2016, the date he commenced the instant chapter 13 case.

Notwithstanding these transfers of title, it is uncontested that Mr. Hewitt continuously resided at, and paid all expenses relating to, the Property since 2006 (doc. #68).

---

[1] Title 11 of the United States Code is referred to herein as the Bankruptcy Code.
[2] See doc. ##1, 55 filed in case #15-10210.
[3] See doc. ##1, 7, 22, 63, and 67 filed in the instant case; see also doc. #48 filed in case #15-10210.
[4] In July 2016, Mr. Hewitt filed a Motion to Sell in which he ascribed a fair market value of $40,000 for approximately 6 acres within the Property "based upon the Purchase and Sale Agreement and the tax assessment." This would suggest the Property's market value was approximately $6,667 per acre, see doc. #21.
[5] A 2010 Promissory Note evidenced an agreement between the Debtor and Marilyn Tobin, under which Mr. Hewitt promised to transfer a five-acre lot within the Property valued at $55,000. This would suggest the Property's market value was

Geico recorded the judgment that is the subject of the instant Motion, in the Town of Royalton Land Records, on March 20, 2014 (doc. #68). There is no dispute the LLC owned the Property on the date Geico recorded its lien or that the Debtor did not acquire title to the Property, in his own name, until approximately one year after Geico recorded its judgment.

## ISSUES PRESENTED

This contested matter requires the adjudication of two statutory-based issues. First, whether the Debtor met his burden of proof under the bankruptcy statute governing a debtor's right to avoid liens that impair an exemption, see 11 U.S.C. § 522(f).[6] Second, whether under the Vermont homestead statutes, the Debtor had an ownership interest in the Property at the time Geico's judgment lien attached, sufficient to give rise to a homestead exemption that would insulate him (up to the limit of the homestead exemption) from the Geico's enforcement of its judgment, see 27 V.S.A. §§ 101, 107.

## DISCUSSION

1. DID THE DEBTOR ESTABLISH A RIGHT TO RELIEF UNDER 11 U.S.C. § 522(f)?

Under § 522(f) of the Bankruptcy Code, a debtor may "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled" under the applicable exemption statute. The calculation underlying § 522(f)(2)(A) relief includes the amount due on all "other liens on the property" and the value of the homestead property. This Court's Local Rules reiterate the Debtor's duty to "specify the value of the property" and "the amount due on each lien." See Vt. L.B.R. 4003(a).

The Debtor "bears the burden to prove by a preponderance of the evidence each element necessary for a Section 522(f)(1) lien avoidance." In re Fox, 353 B.R. 388, 393 (Bankr. D. Conn. 2006) (citing Soost v. NAH, Inc. (In re Soost), 262 B.R. 68, 74 (B.A.P. 8th Cir. 2001)); Premier Capital, Inc. v. DeCarolis (In re DeCarolis), 259 B.R. 467, 471 (B.A.P. 1st Cir. 2001). Debtors "bear[] the burden of proof by a preponderance of the evidence on every element of § 522(f)." In re Armenakis, 406 B.R. 589, 604 (Bankr. S.D.N.Y. 2009). Debtors must meet their "*prima facie* burden of proof by establishing the prerequisites for relief under 11 U.S.C. §522(f)[,]" which includes the value of the property itself as well as other liens. See In re Bourgault, 2011 Bankr. LEXIS 1221, *13 (Bankr. D. Vt. Mar. 30, 2011).

"The owner of real property is competent to testify concerning its value." Edwards v. Town of Stowe, 196 Vt. 644, 644 (Vt. 2014) (citing Crabbe v. Veve Assocs., 150 Vt. 53, 58 (Vt. 1988)). Determining property value "is a factual matter." See Am. Soc'y of Composers, Authors & Publishers v.

---

approximately $11,000 per acre, see Ex. B, doc. #66.
[6] All statutory references in this memorandum refer to Title 11 of the United States Code ("the Bankruptcy Code"), unless otherwise indicated.

Case 16-11240    Doc    70    Filed 11/08/17    Entered    11/08/17 10:10:01
Desc    Main Document    Page    4 of 8

Showtime/The Movie Channel, Inc., 912 F.2d 563, 569 (2nd Cir. 1990). The fair market value of the property can be determined through methods such as appraisal or testimony of the owner. See Crabbe, 150 Vt. at 58.

The burden is on the Debtor to prove three crucial facts in order to obtain § 522(f) relief: the value of the Property, the validity of Marilyn Tobin's alleged lien and, if valid, the value of Ms. Tobin's lien. The Debtor failed to meet his *prima facie* burden on each of three issues.

First, the Debtor has ascribed significantly varied valuations to the Property – without any objective reference to support one particular valuation over the others. As described above,[7] over the course of his two bankruptcy cases, the Debtor has estimated the value of the Property to be anywhere from $260,000 to $605,000. The inconsistency of these valuations reflect a state of uncertainty and convey an appearance of unreliability. While Mr. Hewitt is competent to testify as to the value of the real property he owns, see In re Belding, 2010 Bankr. LEXIS 4968, *11 (Bankr. D. Vt. Dec. 23, 2010) and Crabbe, 150 Vt. at 58 (citing 12 V.S.A. § 1604), his conflicting testimony and vacillating declarations of value fail to establish a trustworthy valuation of the Property. Even the Debtor concedes "the value of the real estate is in dispute" (see doc. # 68).

Second, the Debtor has failed to establish the validity of Marilyn Tobin's lien. A 2010 promissory note evidenced an agreement between the Debtor and Ms. Tobin under which Mr. Hewitt was to pay Ms. Tobin $130,000 from two sources: (1) the transfer of a five-acre lot within the Property, valued at $55,000, and (2) the incremental sale of subdivided plots comprising the remainder of the Property (see Ex. B, doc. #66). This promissory note was secured by a second mortgage on the Property, then identified as "land of Wild Apples Estates" (see Ex. B, doc. #66). In an affidavit Mr. Hewitt filed in support of the Motion, he states he "was the sole member of Wild Apple Estates" (see Ex. B, doc. #68). However, this fact is in dispute since the warranty deed conveying a 5.1-acre parcel to Ms. Tobin, pursuant to the promissory note, describes the Debtor and Ms. Tobin as "the only members of Wild Apple Estates, LLC" (see Ex. C, doc #66). If Ms. Tobin had no membership interest in the LLC to convey, then the promissory note the Debtor gave her would be without consideration, and any mortgage lien purportedly securing that promissory note would be invalid.

Third, even assuming *arguendo* that Ms. Tobin's mortgage lien is valid, the Debtor has not explained why the Motion still lists her lien to have an unchanged balance due of $130,000 (see doc. #63). This position is untenable since the Debtor admits he conveyed 5.1 acres of property to her, which should have resulted in a $55,000 credit against the amount due under the promissory note (see Ex. B, doc. #66).

---

[7] See supra notes 2–5 and accompanying text.

The Debtor has offered no viable explanation at all for why the balance due on this lien was not reduced by his conveyance of land to Ms. Tobin.

Mr. Hewitt's vacillating valuations of the Property and failure to introduce any objective assessment of the Property's fair market value, combined with his failure to establish the validity or amount of Ms. Tobin's lien, require this Court to find the Debtor has not met his *prima facie* burden for relief under § 522(f).

> 2. IS THE DEBTOR ENTITLED TO CLAIM A HOMESTEAD EXEMPTION IN THE PROPERTY AND, IF SO, IS IT SUBJECT TO GEICO'S JUDGMENT LIEN PURSUANT TO 27 V.S.A. §§ 101, 107?

Debtors who seek bankruptcy relief in Vermont may choose to exempt property under either the federal exemption statute or Vermont law. See 11 U.S.C. § 522(b)(1). Because the Debtor has chosen to utilize the state exemptions in this case, "state law controls with respect to the scope of the exemption." In re Bourgault, 2011 Bankr. LEXIS 1221, *6 (Bankr. Vt. Mar. 30, 2011) (citing CFCU Cmty. Credit Union v. Hayward, 552 F.3d 253, 259 (2d Cir. 2009)). The Vermont statute defining the homestead which an individual may generally exempt from attachment and execution provides as follows:

> The homestead of a natural person consisting of a dwelling house, outbuildings and the land used in connection therewith, not exceeding $125,000.00 in value, and owned and used or kept by such person as a homestead, together with the rents, issues, profits, and products thereof, shall be exempt from attachment and execution **except as hereinafter provided**.

27 V.S.A. § 101 (2017) (emphasis added). There are some narrow exceptions to the protection this statute offers. For example, homestead property *is*, generally, subject to attachment for collection and enforcement of debts that were in existence at the time the owner purchased the homestead property:

> Such homestead shall be subject to attachment and levy of execution upon causes of action existing at the time of acquiring the homestead, except as otherwise provided in this chapter. For that purpose, such time shall be the date of the filing of the deed of such homestead in the proper office for the record of deeds.

27 V.S.A. § 107. See Weale v. Lund, 180 Vt. 551, 552–53 (Vt. 2006); In re Lewis, 400 B.R. 417, 420 (Bankr. D. Vt. 2009).

The rule governing objections to exemptions, including homestead exemptions, in bankruptcy cases is Federal Rule of Bankruptcy Procedure 4003(c). It imposes on Geico the burden of proving all elements of its objection to the Debtor's homestead exemption, including its § 107 arguments. See In re Mead, 489 B.R. 363, 368 (Bankr. D. Vt., 2013); In re Brent, 68 B.R. 893, 894 (Bankr. D. Vt. 1987). In order for Geico to enforce its lien pursuant to § 107, and defeat the homestead protection the Debtor seeks to invoke, Geico must prove it had a valid lien against the Debtor at the time the Debtor acquired the Property. See In re Bourgault, 2011 Bankr. LEXIS 1221, *13 (Bankr. D. Vt. Mar. 30, 2011).

Under Vermont law, a person claiming a homestead exemption must demonstrate both that they have an ownership interest in it and occupy it. See In re Avery, 41 B.R. 224, 226 (Bankr. D. Vt. 1984). Vermont also recognizes the existence of a homestead right based upon equitable title. Courts interpreting Vermont law have found a sufficient equitable interest where, for example, the debtor had a valid contract to purchase the property, see Brattleboro Savings & Loan Assoc. v. Hardie, 2014 Vt. 26 (Vt. 2014); In re Soter, 26 B.R. 838, 841 (Bankr. D. Vt. 1983); where the claimant had lived for years in the property and legal title was held by another only "for purposes of security," see Morgan v. Stearns, 41 Vt. 398, 407 (Vt. 1868); and where there is an enforceable oral contract under which the claimant took possession, built a house and made other improvements, see Canfield v. Hard, 58 Vt. 217, 226–27 (Vt. 1885).

The Debtor argues he had an equitable ownership interest in the Property, sufficient to invoke a homestead interest, on the date Geico recorded its judgment lien (March 20, 2014)(see doc. #68). There is no question either that Wild Apple Estates, LLC held title to the Property on that date, or that the Debtor resided at the Property on that date. The Debtor contends his uninterrupted occupancy of the Property, his payment of all Property-related costs, and his firm control over the LLC, from 2006 through the date Geico recorded its lien, compel a finding that he held an equitable ownership interest in the Property on the date Geico's lien attached (see doc. #68).

Vermont law details the relationship between – and the legal rights allocated to – an LLC and its individual members. See 11 V.S.A. §§ 4021, 4031–32, 4041–42, 4051–60, 4081–83, 4131–36. Membership interest in an LLC grants members a right to a share of the profits and losses of the LLC, and the right to receive distributions. See 11 V.S.A. § 4031. However, an LLC "is an entity distinct from its members." 11 V.S.A. § 4011(a). Most importantly, when an LLC owns property, its members do not own that property in their individual capacity. See 11 V.S.A. § 4031 ("Property transferred to or otherwise acquired by a limited liability company is property of the LLC and not of the members individually."). Moreover, the number of members in an LLC does not affect this determination and the Vermont Supreme Court has concluded, "single and multi-member LLCs are both entities that are distinct from their members. . ." In re Bourbeau Custom Homes, Inc., 2017 Vt. 51, ¶ 21 (Vt. 2017). Based upon a straightforward application of these statutes, it is clear that even if Mr. Hewitt was the sole member of Wild Apple Estates, that would not entitle him to an ownership interest in the Property during the time the LLC held title to the Property, equitable or otherwise.

The Debtor argues the instant facts warrant a different outcome than the Vermont Supreme Court reached in the foregoing cases because he actually occupied and used the Property as his home, even when legal title to the Property was in the name of the LLC. His argument, while valiant, fails to take into

account how narrowly the Vermont courts have construed the right to a homestead interest based upon equitable title. They have defined equitable title as "title that indicates a beneficial interest in property and that gives the holder the right to acquire formal legal title," citing Black's Law Dictionary 1523 (8th ed. 2004). As the Vermont Supreme Court has held, "this is a rigorous definition – one that requires not just a possibility of acquiring title, but a concrete right." Brattleboro Savings & Loan Ass'n v. Hardie, 196 Vt. 144, 151 (Vt. 2014). The Debtor has pointed to no admissible evidence in the record showing he ever held a concrete right to acquire formal legal title to the Property.

The Sixth Circuit Bankruptcy Appellate Panel considered an analogous issue in In re Breece, 2013 Bankr. LEXIS 203 (6th Cir. B.A.P. Jan. 18, 2013). There, a debtor claimed a homestead exemption under Ohio law in property held by an LLC in which she was the sole member. Id. at *5. Ohio's LLC law mirrors Vermont's in its clear distinctions between the property of an LLC and that of its individual members. Id. at *10 (citing O.R.C. § 1705.34 ("Real and personal property owned or purchased by a limited liability company shall be held and owned in the name of the company.")). That court cited the same definition of equitable title the Vermont Supreme Court relied on in Hardie. Id. at **22–23 (citing Black's Law Dictionary 1523 (8th ed. 2004)). The Bankruptcy Appellate Panel affirmed the bankruptcy court's decision and held the debtor had no interest in the LLC's property and, therefore, could not claim an exemption in it. Id. at *29.

In support of his position that he held an equitable interest in the Property at all relevant times, the Debtor relies chiefly upon the Ninth Circuit Bankruptcy Appellate Panel's decision in Caldwell v. Nelson (In re Caldwell), 545 B.R. 605 (9th Cir. B.A.P. 2016). However, this argument is without merit because Caldwell is distinguishable from the current case, and from In re Breece. In Caldwell, the Bankruptcy Appellate Panel looked to Nevada law to determine whether the debtor could claim a homestead exemption in property held by an LLC in which he and his wife were the sole members. Caldwell, 545 B.R. at 610. Nevada law defines homestead broadly, not designating "how title to the property is to be held," and not limiting "the estate that must be owned." Id. The Caldwell Court found the debtor could claim a homestead exemption because he "retained all indicia of ownership by his possession and use of the property, along with the payment of the mortgage, taxes, and insurance." Id. at 612. The salient Vermont law is categorically distinguishable from Nevada's and contains a more "rigorous definition" of equitable title than the Nevada law on which the Caldwell court relied. See Brattleboro Savings & Loan Ass'n v. Hardie, 196 Vt. 144, 151 (Vt. 2014). Nevada law interprets equitable title only as "more than a general interest in the property or the right to possession," Caldwell, 545 B.R. at 611 (citing Savage v. Pierson, 157 P.3d 697 (Nev. 2007)), whereas a finding of equitable title under Vermont law "requires not

7

just a possibility of acquiring title, but a concrete right." Hardie, 196 Vt. at 151. The Debtor's persistent use of the Property during the period when the LLC held legal title to the Property might have entitled him to equitable title under Nevada law, but it does not meet the more demanding criteria established for equitable title under Vermont law.[8]

In applying the governing statutory and case law, the Court finds the Debtor did not hold either a legal or equitable interest in the Property in 2014, when Geico recorded its judgment against the Property. When the Debtor thereafter acquired the Property, he acquired it subject to Geico's lien, by operation of 27 V.S.A. § 107.

## CONCLUSION

For the reasons set forth above, the Court concludes the Debtor has not met his *prima facie* burden of proof as to the valuation of the Property or as to the validity and amount of the liens against the Property, as required to avoid Geico's lien, pursuant to § 522(f) of the Bankruptcy Code. The Court also concludes the Debtor did not have any ownership interest in the Property when Geico's lien attached to the Property because title to the Property at that time was in the name of the Debtor's limited liability company, not in the Debtor's individual name. Since the Debtor did not acquire the Property – and hence did not acquire the right to claim a homestead exemption in the Property – until after Geico recorded its lien, the Debtor's homestead exemption rights are subject to Geico's lien. Accordingly, the Court sustains Geico's objection, on both federal and state law grounds, and denies the Debtor's motion to avoid Geico's lien.

This constitutes the Court's findings of fact and conclusions of law.

November 8, 2017  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

---

[8] This conclusion is also consistent with Vermont's treatment of partnerships as business entities separate and distinct from their partners. See In re Russell, 80 B.R. 662, 665 (Bankr. D. Vt. 1987)(finding that Vermont law does not recognize a right of a limited partner to claim a homestead exemption in specific partnership property without agreement of the partners).

8